# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | CASE NO. 1:05-CV-0839-AWI DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| PETERSON, et al., | |
| Defendants. | |
| _____/ | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 27, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        B.        Summary of Plaintiff's Complaint

        The events at issue in the instant action allegedly occurred at California Correctional Institution, where plaintiff was incarcerated.  Plaintiff names T.A. Peterson, R. Boonville, M.K. Witcher, T. Meadors, T. Traynham, D. Winett and N. Grannis as defendants.  Plaintiff is seeking money damages.  Plaintiff claims that on April 7, 2003, several magazines were confiscated from his cell.  Plaintiff claims he was not given the opportunity to dispose of these items per institutional procedure.  Plaintiff alleges that defendants' actions violated his Fourth, First and Eighth Amendment rights.

        An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures."  Hudson v. Palmer, 468 U.S. 517, 536 (1984).  Therefore, plaintiff's allegation that his property was seized from his cell does not give rise to a claim for relief under section 1983 for violation of the Fourth Amendment.

        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The confiscation of personal property does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate.

        An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

2

1  Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.

2  1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized

3  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably

4  related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).

5       Further, plaintiff's allegation that he was not allowed to send his  magazines home does not

6  rise to the level of a constitutional violation.  "An unauthorized intentional deprivation of property

7  by a state employee does not constitute a violation of the procedural requirements of the Due Process

8  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

9  available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

10      An authorized, intentional deprivation of property is actionable under the Due Process

11  Clause.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush

12  Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized

13  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

14  Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.

15  1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized

16  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably

17  related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).  To the extent

18  plaintiff claims defendants did not follow institutional regulations in disposing of his magazines,

19  plaintiff may be able to state a cognizable claim, but in his present complaint, he fails to link the

20  conduct to a specific defendant.  In order to state a claim for relief under section 1983, plaintiff must

21  link each named defendant with some affirmative act or omission that demonstrates a violation of

22  plaintiff's federal rights.

23      It also appears that plaintiff names some of the defendants solely based on their involvement

24  in his inmate appeals.  There is no constitutional right to an inmate appeals process.  The Ninth

25  Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison

26  grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), citing Mann v. Adams,

27  855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly

28  implement, an administrative appeals process within the prison system does not raise constitutional

1  concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  <u>See also</u>,  <u>Buckley v. Barlow</u>, 997

2  F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez v. DeRobertis</u>, 568

3  F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not

4  confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty

5  interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure

6  to process a grievance does not state a constitutional violation. <u>Buckley</u>, <u>supra</u>.

7       In summary, the court finds that plaintiff's complaint does not contain any claims upon which

8  relief may be granted.  The court will provide plaintiff with the opportunity to file an amended

9  complaint.    Plaintiff is informed he must demonstrate in his complaint how the conditions

10 complained of have resulted in a deprivation of plaintiff's constitutional or other federal rights. <u>See</u>

11 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each

12 named defendant is involved.  There can be no liability unless there is some affirmative link or

13 connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S.

14 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

15 743 (9th Cir. 1978).

16      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

17 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

18 supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once

19 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

20 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

21 of each defendant must be sufficiently alleged.

22      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

23 1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims

24       upon which relief may be granted;

25 2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

26 3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

27       amended complaint; and

28 4.    If plaintiff fails to file an amended complaint in compliance with this order, the court

4

1    will recommend that this action be dismissed, with prejudice, for failure to state a

2    claim upon which relief may be granted.

3

4        IT IS SO ORDERED.

5        **Dated:      April 28, 2006**                    **/s/ Dennis L. Beck**
     3b142a                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28