# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETERSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-0839-AWI DLB-PC<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF CERTAIN DEFENDANTS FROM ACTION<br><br>(Doc. 23)<br><br>TWENTY DAY DEADLINE |

**Findings and Recommendations Following Screening of Third Amended Complaint**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's fourth amended complaint filed March 17 , 2008.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II.     Summary of Plaintiff's Third Amended Complaint

The events at issue in the instant action allegedly occurred at California Correctional Institution, where plaintiff was incarcerated. Plaintiff names T.A. Peterson, R. Bounville, M.K. Witcher, and D. Winett as defendants. Plaintiff is seeking money damages. Plaintiff claims that on April 7, 2003, property was confiscated from his cell by defendant Peterson. Plaintiff claims he was not given the opportunity to dispose of these items per institutional procedure. Plaintiff alleges that he placed defendant Bounville "on notice" of the problem, and that he filed an administrative appeal with defendants Witcher and Winnett. Plaintiff alleges that defendants' actions denied him of due process in violation of the Fourteenth Amendment.

Plaintiff names defendants Bounville, Witcher and Winett solely based on their involvement in his inmate appeals. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions

in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff fails to state a claim against defendant Bounville, who interviewed Plaintiff as part of the First Level Appeal Response, and against defendants Winnett and Witcher, who denied plaintiff's second level appeal.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff alleges that defendant Peterson confiscated his property pursuant to prison policy. Plaintiff alleges that defendant Peterson failed to follow procedure by not allowing plaintiff an opportunity to send the confiscated items home. Plaintiff states a cognizable claim for relief against defendant Peterson.

## III.    Conclusion and Recommendation

Plaintiff states a cognizable claim against defendant Peterson for violation of the Due Process Clause of the Fourteenth Amendment. However, plaintiff fails to state a claim upon which relief may be granted against defendants Bounville, Witcher and Winett. Plaintiff was previously provided with the legal standards applicable to his claim, and has since filed three amended complaints, and still is unable to cure the deficiencies identified by the Court. Accordingly, the Court recommends that further leave to amend not be granted, and this action be ordered to proceed only on those claims identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's third amended complaint, filed March 17, 2008, against Defendant Peterson for violation of the Fourteenth Amendment; and
2. Defendants Bounville, Witcher and Winett be dismissed from this action based on Plaintiff's failure to state any claims against them

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
7 1153 (9th Cir. 1991).

8    IT IS SO ORDERED.

9    **Dated:** <u>     **November 15, 2008**     </u>          <u>     **/s/ Dennis L. Beck**     </u>
                                                              UNITED STATES MAGISTRATE JUDGE