1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7  CARLOS HENDON,                                CASE NO. 1:05-CV-00839-AWI-DLB PC

8          Plaintiff,                            FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING DEFENDANT'S
9      v.                                        MOTION TO DISMISS BE GRANTED AND
                                                 THIS ACTION DISMISSED WITHOUT
10  PETERSON, et al.,                            PREJUDICE

11          Defendants.                          (ECF NO. 38)

12  _____ /         OBJECTIONS DUE WITHIN 30 DAYS

13

14                          **Findings And Recommendations**

15  **I.     Background**

16          Plaintiff Carlos Hendon ("Plaintiff") is a prisoner in the custody of the California

17  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

19  on Plaintiff's third amended complaint, filed March 17, 2008, against Defendant Peterson for

20  violation of the Fourteenth Amendment.  On February 8, 2010, Defendant filed a motion to

21  dismiss pursuant to the unenuemerated portion of Federal Rule of Civil Procedure 12(b), for

22  Plaintiff's failure to exhaust administrative remedies.  (Def.'s Mot. Dismiss, ECF No. 38.)  On

23  March 22, 2010, Plaintiff received a ninety day extension of time to file an opposition.  As of the

24  date of these Findings and Recommendations, Plaintiff has not filed a response or otherwise

25  responded.  Plaintiff thus waives the filing of an opposition to Defendant's motion.  The matter is

26  deemed submitted pursuant to Local Rule 230(l).[1]

27  _____

28          [1] Plaintiff was provided with notice of the requirements for opposing a Rule 12(b) motion in the Court's
    second informational order, issued August 25, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

1

1  **II.      Summary Of Third Amended Complaint**

2          Plaintiff alleges that the events at issue occurred at California Correctional Institution

3  ("CCI") in Tehachapi, California, where Plaintiff was previously housed.  Plaintiff claims that on

4  April 7, 2003, Defendant Peterson confiscated Plaintiff's property, which comprised of seven

5  pornographic magazines and a photo album with frontal nude pictures.  Plaintiff alleges that

6  Defendant Peterson did not give him the opportunity to dispose of these items per institutional

7  procedure.

8  **III.     Exhaustion Of Administrative Remedies**

9          **A.      Legal Standard**

10          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

11  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

12  confined in any jail, prison, or other correctional facility until such administrative remedies as are

13  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

14  administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

15  *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the

16  relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*,

17  532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to

18  prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

19          Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

20  defense under which defendants have the burden of raising and proving the absence of

21  exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The

22  failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an

23  unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at

24  1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th

25  Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

26  remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at

27  1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies,

28  the proper remedy is dismissal without prejudice.  *Id.*

1    **B.    Discussion**

2        The California Department of Corrections and Rehabilitation has an administrative

3   grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  The process

4   is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved,

5   including the informal level, first formal level, second formal level, and third formal level, also

6   known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen

7   working days of the event being appealed, and the process is initiated by submission of the

8   appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5,

9   3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this

10  process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006);

11  *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal

12  through the Director's Level of review.  What is required to satisfy exhaustion is a fact specific

13  inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v.*

14  *Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion

15  requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005)

16  ("[E]ntirely pointless exhaustion" not required).

17       Defendant contends that Plaintiff failed to exhaust administrative remedies because

18  Plaintiff failed to appeal his inmate grievance to the Director's level.  (Mem. P. & A. Supp. Mot.

19  Dismiss 4:17-24.)  Defendant contends that Plaintiff failed to submit the necessary documents for

20  Director level review.  (*Id.*)  Defendant submits a declaration by K. Sampson, appeals

21  coordinator at CCI, a copy of the inmate appeals tracking system regarding Plaintiff's appeals,

22  and inmate grievance No. CCI-9-03-1315.  (K. Sampson Decl.; Ex. A, CDCR Inmate/Parolee

23  Appeals Tracking System; Ex. B, Grievance No. CCI-9-03-1315.)  Appeals coordinator Sampson

24  attests to the authenticity of the attached documents.

25       Grievance No. CCI-9-03-1315 concerned the incident at issue in this action.  Plaintiff

26  requested that the property be sent out, or compensation for the loss of his property.  (Ex. B,

27  Grievance No. CCI-9-03-1315.)  Plaintiff properly filed his grievance at the informal level on

28  April 13, 2003, and properly appealed his grievance to the first and second level of review.  (*Id.*)

1  Plaintiff's appeal was denied at the informal level on the grounds that the departmental policy

2  was adhered to.  (Ex. B, CCI Informal Response, dated April 28, 2003.)  Plaintiff's grievance

3  was partially granted at the First Level of review.  (Ex. B, CCI First Level Appeal Response,

4  dated May 13, 2003.)  The response indicated that Plaintiff was provided with the opportunity to

5  give an address to mail his property home, but failed to do so in a timely manner.  (*Id.*)

6  Plaintiff's grievance was denied at the Second Level of review.  (Ex. B, CCI Second Level

7  Appeal Response, dated October 27, 2003.)  The response indicated that Plaintiff had been

8  provided with an opportunity to give an address to mail his property, but failed to do so.  (*Id.*)

9       Plaintiff also appealed to the Director's level, but his grievance was returned.  (Ex. B,

10  Letter from N. Grannis, Chief of Inmate Appeals Branch, dated December 15, 2003.)  Chief N.

11  Grannis returned the grievance to Plaintiff because only the original appeal form is accepted at

12  the Director's Level.  (*Id.*)  Plaintiff was instructed that if he did not have the original, he should

13  see his Appeals Coordinator for a replacement copy.  (*Id.*)  Appeals Coordinator Sampson attests

14  that no decision was rendered at the Director's level.  (K. Sampson Decl. ¶ 3.)

15       Defendant has satisfied his burden of demonstrating that Plaintiff has failed to exhaust

16  administrative remedies.  A remedy was possibly available at the Director's Level -

17  compensation for his confiscated property.  It does not appear that Plaintiff submitted an original

18  appeal, as directed by Chief N. Grannis.  Plaintiff failed to file any opposition to Defendant's

19  motion.  The Court thus recommends that Defendant's motion to dismiss be granted in its

20  entirety and this action be dismissed without prejudice.

21  **IV.     Conclusion and Recommendation**

22       Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to

23  dismiss, filed February 8, 2010, be GRANTED and this action be DISMISSED without

24  prejudice.

25       These Findings and Recommendations will be submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

27  **thirty (30) days** after being served with these Findings and Recommendations, the parties may

28  file written objections with the Court.  The document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

2  objections within the specified time may waive the right to appeal the District Court's order.

3  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

5      IT IS SO ORDERED.

6      **Dated:   July 14, 2010**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28